**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:        Abelardo Guillen v. The State of Texas

Appellate case number:    01-12-01085-CR

Trial court case number:  1321750

Trial court:                        174th District Court of Harris County

The trial court's certification contained in the assignment letter to this Court was not completed and does not show whether appellant has the right of appeal. The Rules of Appellate Procedure require that a certification from the trial court of the appellant's right to appeal be filed in every criminal case in which the trial court enters a judgment or other appealable order. *See* TEX. R. APP. P. 25.2(a)(2).

In addition, the trial court entered a written order granting trial counsel's motion to withdraw and finding appellant indigent and entitled to counsel on appeal, but no appellate counsel has been appointed.

Accordingly, we abate this appeal and remove it from this Court's active docket. We direct the trial court to enter a written order appointing appellate counsel for appellant. Following the appointment, the trial court is directed to conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's appointed appellate counsel shall be present. Appellant shall also be present for the hearing in person or by video teleconference.[1]

At the hearing, the trial court shall complete a certification of the appellant's right to appeal. The certification must be signed by the trial court, appellant, and appellant's counsel. If appellant attends the hearing by video teleconference, his signature may be acquired by mail.

A supplemental clerk's record containing the trial court's order appointing counsel and the completed certification shall be filed with the Clerk of this Court **within 30 days of the date of this order.**

---

1        Any such teleconference must use a closed-circuit video teleconferencing system that provides for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant. On request of appellant, appellant and his counsel shall be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record is filed in this Court. **The court coordinator of the trial court shall set a hearing date and notify the parties of such date.**

It is so ORDERED.


Judge's signature: /s/ <u>Justice Rebeca Huddle</u>

       ☑ Acting individually    ☐ Acting for the Court


Date:  December 10, 2012